In the United States District Court
For the Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
FILED
APR 12 2021
Nathan Ochsner, Clerk of Court

Craig Porter
Petitioner

vs.

Bobby Lumpkin-TDCJ Director
Respondent

Polunsky Unit -TDCJ
Current Place of Confinement

2084667
Prisoner ID Number

_____
Case Number

## Memorandum In Support Of Attached Petition For Writ Of Habeas Corpus

To the Honorable Judges of Said Court:

Now comes Craig Porter, pro se, Petitioner of current habeas corpus presenting this Memorandum, seeking relief from being illegally detained of his liberty in violation of his Constitutional Rights and in support thereof, shows the following:

### Liberally Construed

Petitioner is not an attorney, nor a certified paralegal, and respectfully ask that this pleading be held to a less stringent standard than those pleadings prepared by an attorney.

Petitioner ask that this Honorable Court "liberally construe" his pleadings and adopt the decisions of the Supreme Court in Haines v. Kerner, 99 S. Ct. at 592 and Hughes v. Rowe, 101 S. Ct. 173.

## GROUNDS FOR REVIEW

28 USCS SECTION 2254 (d) (1) PROVIDED THAT A STATE PRISONER'S FEDERAL APPLICATION FOR A WRIT OF HABEAS CORPUS WOULD NOT BE GRANTED WITH RESPECT TO ANY CLAIM THAT WAS ADJUDICATED ON THE MERITS IN PRIOR STATE COURT PROCEEDING, UNLESS THE ADJUDICATION RESULTED IN A DECISION THAT WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT.

FEDERAL HABEAS COURT MAY GRANT RELIEF IF STATE COURT DECIDES A CASE DIFFERENTLY THAN THE SUPREME COURT HAS DONE. SEE WILLIAMS V. TAYLOR 529 U.S. 362 AT 407-410.

STATE COURTS' DECISIONS WERE UNREASONABLE IN LIGHT OF THE RECORD THEY HAD BEFORE THEM. COMPARE 122 S. CT. 1843. SEE ALSO SECTION 2254 (d)(1); AND WILLIAMS V. TAYLOR, 120 S. CT. 1495.

# Ground One — Violation of Right to Speedy Trial

## Statement of Case

There was an approximate time span of three years and and seven months (January 15, 2013, to August 8, 2016) between Petitioner's arrest and trial. Throughout stated time span Petitioner was in custody in the Harris County Jail.

Petitioner was assigned three court-appointed counsels at different times throughout his pre-trial detention. Petitioner's first court-appointed counsel Jim Barr, was allowed to withdraw for alleged personality conflicts with Petitioner. Petitioner's second court-appointed counsel Robert Scott was allowed to withdraw without any explanation.

On August 7, 2014, a Farretta warning waiver was executed and granted by Judge Jim Wallace, wherein Petitioner elected to proceed "pro se."

During Petitioner's pro se status he first timely asserted his right to a speedy trial via mandamus on January 6, 2015, in the Fourteenth Court of Appeals, which was denied. Petitioner again filed for a speedy trial via mandamus in the Fourteenth Court of Appeals on February 2, 2015, which was also denied. On March 9, 2015, Petitioner filed a habeas corpus in this court for a speedy trial, which was also denied. Throughout these filings Petitioner was pro se and without counsel.

The State waited three years after Petitioner's arrest to conduct additional DNA testing, without filing for a continuance to do so.

# GROUND ONE

## ARGUMENT AND AUTHORITIES

Although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional or invoking fundamental constitutional rights may be raised collaterally. Ex Parte Goodman, 816 S.W. 2d 383 (Tex. Crim. App. 1991); Ex Parte Banks, 769 S.W. 539, 540 (Tex. Crim. App. 1989); Schuessler v. State, 846 S.W. 2d 850 (Tex. Crim. App. LEXIS 33).

The right to a speedy trial is fundamental and is imposed by the Due Process Clause of the 14th Amendment of the United States. See Barker v. Wingo, 407 U.S. 514; Klopfer v. N.C., 386 U.S. at 223; Smith v. Hooey, 393 U.S. 374; Dickey v. Florida, 398 U.S. 30.

The right to a speedy trial is guaranteed under the 6th Amendment of the United States Constitution. The right to a speedy trial is also guaranteed under Art. 1, Section 10 of the Texas Constitution and Art. 1.05 of the Texas Code and Criminal Procedure (T.C.C.P.).

In Barker v. Wingo, 407 U.S. 514, the U.S. Supreme Court established a balancing test and suggested four factors to consider in determining whether an accused has been denied a speedy trial. The factors though not exclusive are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right; and (4) prejudice due to delay. Barker, 407 U.S. at 531, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117.

The length of delay to trial in current case should trigger a presumption of prejudice.

The reason for the delay to trial should be attributed to the trial court and state. The abuse of discretion by trial court to allow petitioner's first two court-

pg. (4) of (9)

APPOINTED COUNSELS TO WITHDRAW, WITHOUT ANY JUST CAUSE, ATTRIBUTED TO SOME CAUSE OF DELAY TO TRIAL. IN Steel v. State, 453 S.W. 2d 486, 487, IT IS HELD THAT "ALLOWING AN ATTORNEY TO BOW OUT WHENEVER HE CHOOSES WOULD FRUSTRATE THE ACCUSED'S RIGHT TO ADEQUATE REPRESENTATION." ALSO IN Solis v. State, 792 S.W. 2d 95, IT IS HELD THAT "ATTORNEY MAY NOT WITHDRAW SIMPLY ON THE GROUNDS OF PERSONALITY CONFLICTS OR DISAGREEMENTS."

THE THREE YEARS STATE WAITED TO CONDUCT ADDITIONAL DNA TESTING, WITHOUT FILING A CONTINUANCE TO DO SO, FURTHER DELAYED A TRIAL FOR PETITIONER. IT WAS THE ABUSE OF DISCRETION OF THE TRIAL COURT TO ALLOW STATE TO DO SO. ACCORDING TO THE TEXAS CODE OF CRIMINAL PROCEDURE (T.C.C.P.) "A CRIMINAL ACTION MAY BE CONTINUED BY CONSENT OF BOTH PARTIES, IN OPEN COURT, AT ANY TIME ON A SHOWING OF GOOD CAUSE, BUT A CONTINUANCE MAY BE ONLY FOR AS LONG IS NECESSARY."

PETITIONER NEVER DID CONSENT NOR ACQUIESCED TO ANY RESETS OR CONTINUANCES.

THE RECORD SHOWS THAT TRIAL COURT RESET CASE ON SEPTEMBER 10, 2015, FOR JANUARY 22, 2016, WITHOUT ANY EXPLANATION. ALSO THE RECORD SHOWS THAT TRIAL COURT RESET CASE IN JANUARY 2016, FOR MARCH 14, 2016, WITHOUT ANY EXPLANATION. BOTH RESETS CAUSED DELAYS TO TRIAL. ADDITIONALLY TRIAL COURT RESET TRIAL IN MARCH, 2016, FOR JUNE 20, 2016, WITHOUT ANY EXPLANATION.

ON JUNE 17, 2016, STATE DECIDED TO RE-INDICT PETITIONER, WHICH CAUSED FURTHER DELAY TO TRIAL.

"A DEFENDANT HAS NO DUTY TO BRING HIMSELF TO TRIAL, AND THE PRIMARY BURDEN RESTS ON THE COURTS AND PROSECUTION TO INSURE THAT CASES ARE BROUGHT TO TRIAL." SEE State v. Munoz, 960 S.W. 2d 191; Barker, 407 U.S. AT 527; Mendez, 929 S.W. AT 599.

"[A] DELIBERATE ATTEMPT TO DELAY THE TRIAL IN ORDER TO HAMPER THE DEFENSE SHOULD WEIGH HEAVILY AGAINST THE

GOVERNMENT ... [WHILE] [A] MORE NEUTRAL REASON SUCH AS NEGLIGENCE OR OVERCROWDED COURTS SHOULD BE WEIGHED LESS HEAVILY BUT NEVERTHELESS SHOULD BE CONSIDERED SINCE THE ULTIMATE RESPONSIBILITY FOR SUCH CIRCUMSTANCES MUST REST WITH THE GOVERNMENT RATHER THAN WITH THE DEFENDANT." BARKER V. WINGO, 407 U.S. AT 531; 92 S. CT. 2182.

"ON ITS FACE, THE SPEEDY TRIAL CLAUSE IS WRITTEN WITH SUCH BREADTH THAT, TAKEN LITERALLY, IT WOULD FORBID THE GOVERNMENT TO DELAY THE TRIAL OF AN ACCUSED FOR ANY REASON AT ALL." DOGGETT V. UNITED STATES, 505 U.S. 647, 651, 112 S. CT. 268, 120 L. Ed. 2d 520 (1992).

PETITIONER ASSERTED HIS RIGHT TO SPEEDY TRIAL, TIMELY, THREE TIMES WHILE PRO SE AND WITHOUT COUNSEL. ASSERTION OF THE RIGHT TO SPEEDY TRIAL CAN BE PURSUED THROUGH MANDAMUS. SEE HUDSON V. STATE, 453 S.W. 2d 147; ALSO WESLEY V. STATE 749 S.W. 2d 933.

THE WRITS OF MANDAMUS AND HABEAS CORPUS CLEARLY APPRISED THE TRIAL COURT AND STATE THAT PETITIONER WAS ASSERTING HIS RIGHT TO A SPEEDY TRIAL. COMPARE BARKER V. WINGO, 407 U.S. AT 534-35; ALSO HARDESTY V. STATE, 738 S.W. 2d AT 11.

"THE FREQUENCY WITH WHICH THE DEFENDANT ASSERTS HIS SPEEDY TRIAL RIGHT IS PROBATIVE INDICATION OF THE PREJUDICE HE IS SUFFERING." SEE BARKER V. WINGO, 407 U.S. AT 531, 92 S. CT. 2182.

PETITIONER SPENT THREE YEARS AND EIGHT MONTHS IN CUSTODY IDLING AWAY WITHOUT ANY REHABILITIVE PROGRAMS TO PARTICIPATE IN.

"A SPEEDY TRIAL MOVANT DOES NOT HAVE TO SHOW ACTUAL PREJUDICE. A SHOWING OF SOME PREJUDICE WILL SUFFICE." SEE BOSWORTH V. STATE, 422 S.W. 3d 759 (2013); ALSO COMPARE STATE V. GUERRERO, 110 S.W. 3d 155.

PETITIONER CONTENDS THAT ALL FOUR BARKER FACTORS WEIGH IN HIS FAVOR, WHICH COURT RECORDS SUPPORT.

# Ground Two - Ineffective Assistance of Trial Counsel

Trial counsel Jerome Godonich omitted the fact that Petitioner's first two court-appointed counsels were allowed to withdraw, without any just cause, which thusly, caused ~~████~~ delay to trial.

Trial counsel omitted that Petitioner timely asserted his right to speedy trial three times while allowed to proceed pro se.

Trial counsel omitted that it was an abuse of discretion of trial court to allow State to conduct additional DNA testing without filing for a continuance to do so; and waited three years after Petitioner's arrest to do so, which cause a delay to trial.

Had trial counsel not omitted all the above-mentioned, Petitioner would likely have more likely prevailed and had indictment dismissed and/or the conviction over-turned.

In Belmontes v. Brown, 414 F.3d 1094, 1121, it is held, with respect to prejudice inquiry, Petitioner must show that he would have prevailed in speedy trial hearing and that having prevailed there is a reasonable likelihood that Petitioner would not have been convicted. In Strunk v. United States, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed. 2d 56, it is held that if a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution.

In Ex Parte Daigle, 848 S.W. 2d 691, it is held that counsel has duty to raise issue that would require reversal of the conviction.

Trial counsel also allowed for the re-indictment of Petitioner without Petitioner's knowledge thereof, nor his signature to a waiver. An accused cannot be tried and convicted for a felony except on indictment of a grand

JURY UNLESS THE ACCUSED WAIVES THAT RIGHT. SEE V.A.T.C. ART. 1 SECTION 10; V.A.T.C.C.P., ARTS. 1.05 AND 1.141

FOR A WAIVER OF AN INDICTMENT TO BE EFFECTIVE, IT MUST BE INTELLIGENTLY, VOLUNTARILY, AND KNOWINGLY GIVEN BY THE ACCUSED WHILE REPRESENTED BY COUNSEL. SEE LACKEY v. STATE, 574 S.W. 2d 97; KING v. STATE, 473 S.W. 2d 43.

TRIAL COUNSEL'S PERFORMANCE, THROUGHOUT HIS REPRESENTATION, WAS DEFICIENT AND PREJUDICIAL